UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTOINE PERKINS,

    Petitioner,

v.                                     Case No: 2:15-cv-369-FtM-99CM

FLORIDA ATTORNEY GENERAL and
SECRETARY, DOC,

    Respondents.[1]
_____/

## OPINION AND ORDER

This matter comes before the Court upon an amended petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Antoine Perkins ("Petitioner") who is presently confined at the South Bay Correctional Facility in South Bay, Florida (Doc. 1, filed June 22, 2015). Petitioner, proceeding *pro se*, attacks the convictions and sentences entered against him by the Twentieth Judicial Circuit Court in Hendry County, Florida for tampering with physical evidence and resisting arrest. Id. Respondent filed a response to the petition (Doc. 10). Petitioner filed a reply (Doc. 14).

---

[1] When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004)(citations omitted). In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

Upon review of the record, the Court concludes that Petitioner's single claim is unexhausted and without merit. Because the Court can resolve the Petition on the basis of the record, an evidentiary hearing is not warranted. See Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

I.  **Background and Procedural History**

On January 2, 2013, Petitioner was found guilty by a jury of resisting arrest without violence (count one) and tampering with physical evidence (count two) (Ex. 1). Petitioner was sentenced to 82 days in county jail on count one and to five years in prison on count two (Ex. 2). Florida's Second District Court of Appeal *per curiam* affirmed Petitioner's conviction and sentence (Ex. 6).

Petitioner filed the instant habeas petition on June 22, 2015 (Doc. 1).

II. **Governing Legal Principles**

    A.    **Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")**

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

        (1)    resulted in a decision that was contrary to, or involved an unreasonable application of,

>   clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This standard is both mandatory and difficult to meet.  White v. Woodall, 134 S. Ct. 1697, 1702 (2014).  A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference.  Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).  Notably, a state court's violation of state law is not sufficient to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Wilson v. Corcoran, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision.  White, 134 S. Ct. at 1702; Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).  That said, the Supreme Court has also explained that "the lack of a Supreme Court decision on nearly identical facts does not by itself mean that there is no clearly established federal law, since 'a general standard' from [the Supreme Court's] cases can supply such law." Marshall v. Rodgers, 133 S. Ct. 1446, 1449 (2013) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664

(2004)). State courts "must reasonably apply the rules 'squarely established' by [the Supreme] Court's holdings to the facts of each case. White, 134 S. Ct. at 1706 (quoting Knowles v. Mirzayance, 556 U.S. 111, 122 (2009)).

Even if there is clearly established federal law on point, habeas relief is appropriate only if the state court decision was "contrary to, or an unreasonable application of," that federal law. 29 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting

Williams, 529 U.S. at 406). The unreasonable application inquiry "requires the state court decision to be more than incorrect or erroneous," rather, it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18; Ward, 592 F.3d at 1155. The petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." White, 134 S. Ct. at 1702 (quoting Harrington v. Richter, 562 U.S. 86 (2011)). Moreover, "it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." Knowles, 556 U.S. at 122.

When reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Burt v. Titlow, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.") (quoting Wood v. Allen, 558 U.S. 290, 293 (2010)).

### B. Exhaustion and Procedural Default

The AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of available relief under state law. Exhaustion of state remedies requires that the state prisoner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" Duncan v. Henry, 513 U.S. 364, 365 (1995) (citing Picard v. Connor, 404 U.S. 270, 275-76 (1971)). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. Snowden v. Singletary, 135 F.3d 732 (11th Cir. 1998).

In addition, a federal habeas court is precluded from considering claims that are not exhausted and would clearly be barred if returned to state court. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) (if a petitioner has failed to exhaust state remedies and the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

Finally, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. Coleman, 501 U.S. at 750. If a petitioner attempts to raise a claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994).

A petitioner can avoid the application of procedural default by establishing objective cause for failing to properly raise the claim in state court and actual prejudice from the alleged constitutional violation. Spencer v. Sec' y, Dep't of Corr., 609 F.3d 1170, 1179-80 (11th Cir. 2010). To show cause, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999); Murray v. Carrier, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate there is a reasonable probability the outcome of the proceeding would have been different. Crawford v. Head, 311 F.3d 1288, 1327–28 (11th Cir. 2002).

A second exception, known as the fundamental miscarriage of justice, only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" Murray v. Carrier, 477 U.S. 478, 479-80 (1986). Actual innocence means factual innocence, not

legal insufficiency.  Bousley v. United States, 523 U.S. 614, 623 (1998).  To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327 (1995).  "To be credible, a claim of actual innocence must be based on [new] reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup, 513 U.S. at 324).

### III. Analysis

Petitioner asserts that he was deprived of a fair trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution because of the State's introduction of general criminal behavior through the testimony of the arresting police officer (Doc. 1 at 5).  Specifically, Petitioner asserts that he was stopped by the officer for failing to wear a seat belt and for failing to completely stop at a stop sign. Id. at 6.  The officer noticed that Petitioner was speaking unusually, and had "four melted white kind of rock objects under his tongue[.]" Id.  The objects tested positive for cocaine hydrochloride. Id.  At trial, the arresting officer was questioned by the State:

> Q.  What, if anything did you notice about the defendant's speech while you were speaking to him?
>
> A.  It seemed like he had some type of impediment or he was just talking odd.  It seemed like he was trying, forcefully trying to keep his tongue

| | |
|---|---|
| | down as he spoke with me. His mouth was more closed than you would when you were trying to speak with someone. |
| Q. | And were you able to observe anything inside of his mouth while you spoke with him? |
| A. | Yes. As I continued to speak with the defendant about the traffic violation and attempt to gain his license and motor vehicle documentation, I observed – well, I was looking down into his mouth area under his tongue and it appeared to be some – appeared to be several rock like objects in his mouth area that he was attempting to conceal. |
| Q. | Now, in your training and experience as a law enforcement officer had you ever seen white-in-color rock-like objects before? |
| A. | Yes, sir. |
| Q. | Were the four rock-like objects that you saw in the defendant's mouth consistent with the appearance of crack cocaine? |
| A. | Yes, sir. |
| Q. | In your experience as a law enforcement officer, is the mouth a typical place were someone can hide drugs? |
| A. | Yes, sir. |
| Q. | Specifically, is under the tongue a typical place for possibly hiding crack cocaine? |
| COUNSEL: | Objection, leading. |
| COURT: | Overruled |
| A. | One of the most common, yes, sir. |

(T. at 132-33). On direct appeal, Petitioner argued that the state's question as to whether under the tongue is a typical hiding place for crack cocaine was unfairly prejudicial (Ex. 4 at 13). Petitioner, citing Griffin v. State, 872 So. 2d 998 (Fla. 4th DCA 2004), argued that the testimony was "improper and prejudicial because it asked the jury to infer that [he] had crack cocaine hidden in his mouth, which he later swallowed, since it is a common practice." Id. at 15.  Florida's Second District Court of Appeal denied the claim without a written opinion (Ex. 6).

Respondent urges that Petitioner's failure to raise the constitutional nature of this claim on direct appeal renders the claim unexhausted (Doc. 10 at 10).  Indeed, a review of Petitioner's brief on appeal shows that he framed his claim and argument in terms of state law only without making reference to the United States Constitution, federal law, or even federal cases.[2]  For a habeas petitioner to fairly present a federal claim to state courts:

> It is not sufficient merely that the federal habeas petitioner has been through the state courts . . . nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made. Rather, in order to ensure that state courts have the first opportunity to hear all claims, federal courts "have required a state prisoner to present the state courts with the same claim

---

[2] Notably, although titled as a constitutional violation, the argument supporting the instant claim is also presented solely in terms of state law.

- 10 -

>he urges upon the federal courts." While we do not require a verbatim restatement of the claims brought in state court, we do require that a petitioner presented his claims to the state court "such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation.

McNair v. Campbell, 416 F.3d 1291, 1302-03 (11th Cir. 2005) (emphasis added) (internal citations omitted). As part of such a showing, the claim presented to the state courts "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Reedman v. Thomas, 305 F. App'x 544, 545-46 (11th Cir. 2008) (internal citation omitted).  Because he did not refer to any "specific federal constitutional guarantee" in his brief on direct appeal, Petitioner's federal due process challenge to admission of the officer's statement was not fairly presented to the state court and is unexhausted.

Petitioner does not satisfy (or even allege) the cause and prejudice, or fundamental miscarriage of justice exceptions to overcome the procedural default of this claim.  Florida's procedural rules and time limitations preclude a second direct appeal. Fla. R. App. P. 9.140(b)(3) (defendant wishing to appeal a final judgment must do so within "30 days following rendition of a written order").  Consequently, Petitioner's claim cannot be considered by this Court and is dismissed.

Even if Petitioner had properly exhausted this claim, it is without merit. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). It is well-settled that alleged trial court errors in the application of state procedure or evidentiary law, particularly regarding the admissibility of evidence, are generally not cognizable as grounds for federal habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Generally, a state court evidentiary ruling cannot rise to the level of a federal due process violation "unless 'it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" Montana v. Egelhoff, 518 U.S. 37, 43 (1996) (quoting Patterson v. New York, 432 U.S. 197, 202-03 (1977)). Petitioner has presented nothing in the way of Supreme Court precedence or other federal law to convince this Court that the officer's statement at trial constituted fundamental error.

Moreover, even if constitutional error is found in a habeas proceeding, it is still subject to a harmless error analysis under

Brecht v. Abrahamson, 507 U.S. 619 (1993). "The test . . . is whether the error had substantial and injurious effect or influence in determining the jury's verdict. Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in actual prejudice." Brecht, 507 U.S. at 637 (internal citations and quotation marks omitted).

This Court concludes that, even had the state trial omitted the objectionable portion of the officer's testimony, the jury would not have reached a different verdict. The state court's admission of the officer's statement that, in his experience, the mouth is a common place for someone to hide drugs, did not result in actual prejudice.  First, Petitioner was charged with tampering with physical evidence -- not with possession of cocaine -- so any implication that Petitioner put the white chalky substance in his mouth because it was cocaine could not have resulted in prejudice.[3] Moreover, evidence was presented at trial that the substance found within Petitioner's mouth actually was cocaine, so even if the substance's nature was relevant, the officer's statement that arrestees often hide rock cocaine in their mouths could not have

---

[3] Evidence was presented bat trial that Petitioner refused to spit out the objects in his mouth even when repeatedly ordered to do so by the police and that Petitioner attempted to chew up and swallow the objects (Ex. 8 at 134-37; 190-92).

had substantial and injurious effect or influence in determining the jury's verdict (Ex. 8 at 168-70). Petitioner fails to demonstrate, in light of the entire trial record, actual prejudice under Brecht. Consequently, even if this claim were exhausted, it warrants no federal habeas relief.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.  Certificate of Appealability[4]

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement

---

[4] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Id. As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

ACCORDINGLY, it is hereby **ORDERED:**

1.   The Florida Attorney General is dismissed from this action.

2.   The claim raised in the instant petition is unexhausted and procedurally barred. Alternatively, the claim is **DENIED**.

3.   Petitioner is **DENIED** a certificate of appealability.

4.   The **Clerk of Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___30th___ day of November, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Antoine Perkins
Counsel of Record